UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: SUBPOENAS TO INTEL CORP., IN CONNECTION WITH: QUALCOMM INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 18-mc-80124-VKD<br><br>**ORDER DENYING QUALCOMM INCORPORATED'S MOTION TO COMPEL COMPLIANCE WITH DOCUMENT AND DEPOSITION SUBPOENAS TO INTEL CORPORATION**<br><br>Re: Dkt. No. 1 |

In this miscellaneous action, Qualcomm Incorporated ("Qualcomm") moves to compel compliance by Intel Corporation ("Intel") with subpoenas for documents and deposition testimony. Dkt. No. 1. The Court finds that this motion is suitable for determination without oral argument. *See* Civil L.R. 7-1(b).

Qualcomm's subpoenas to Intel are part of discovery proceedings in its patent infringement action against Apple Inc. ("Apple") in the Southern District of California. *Qualcomm Inc. v. Apple Inc.*, Case No. 3:17-cv-01375 (S.D. Cal.). In that infringement action, Qualcomm accuses Apple of infringing five patents. The accused Apple products at issue include Apple iPhones released in 2016 and 2017. Dkt. No. 1 at 4-5 and Ex. 1; Dkt. No. 9 at 3. Intel supplies certain radio frequency components to Apple for use in the accused iPhones. *Id.*

Intel has agreed to produce (subject to resolution of a protective order dispute not before this Court) responsive documents and testimony relating to the Intel components used in the accused Apple devices. Dkt. No. 9 at 1, 8. Intel objects to Qualcomm's requests for documents and testimony relating to Intel components intended for use in Apple iPhones expected to be

released in 2018. Intel's principal objection is that such discovery is not relevant because the 2018 model Apple iPhones are not at issue in the underlying patent infringement action. Dkt. No. 9 at 10-15. Qualcomm asserts that the discovery it seeks from Intel is relevant to questions of direct and indirect infringement and remedies, but the focus of its argument is that Intel previously agreed to provide the disputed discovery and should be required to comply with its agreement. Dkt. No. 1.

The scope of discovery available by subpoena under Rule 45 is the same as the scope of discovery available under Rules 30 and 34. *See* Fed. R. Civ. P. 45, advisory committee notes to 1970 amendment (noting that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). Qualcomm may obtain discovery of any non-privileged matter that is relevant to a party's claim or defense in the action, so long as that discovery is also proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Qualcomm bears the burden of demonstrating that the discovery it seeks from Intel is both relevant to the claims or defenses in the action and proportional to the needs of the case.

The resolution of this dispute is straightforward. Magistrate Judge Dembin, who addresses all discovery disputes in the underlying patent infringement action, has already decided the question of whether Qualcomm may take discovery relating to 2018 model Apple iPhones that have not been released and have not been identified as infringing products. It may not. *See Qualcomm Inc. v. Apple Inc.*, Case No. 3:17-cv-01375 (S.D. Cal.), Dkt. No. 234 and Dkt. No. 315 (Order re RFP 160 and Interrogatory 11). As Qualcomm observes, "[a] district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder." *See Negotiated Data Solutions, LLC v. Dell, Inc.*, No. C09–80012MISC JF (HRL), 2009 WL 733876 at *2 (N.D. Cal. Mar. 17, 2009).

Even in the absence of guidance from Judge Dembin in the underlying patent infringement action, this Court finds that the discovery Qualcomm seeks from Intel is not relevant to any claim or defense in the action. Qualcomm has not accused the 2018 model Apple iPhones of infringement. Unless and until it does, the Intel components that may be included in those

iPhones do not provide a component of any infringing functionality, and there is no justification for discovery of those components.

For these reasons, the Court denies Qualcomm's motion to compel.

**IT IS SO ORDERED.**

Dated: September 7, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

3